73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Oma D. GORMAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
** Defendant-Appellee.
 No. 94-35860.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 13, 1995.
Decided Dec. 20, 1995.
 
 Before: BROWNING, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Since the parties are familiar with the facts, we need not recite them here.
 
 I. Pain Testimony
 
 3
 Generally, "pain testimony should be considered in the disability determination process so long as the pain is associated with a clinically demonstrated impairment." Dodrill v. Shalala, 12 F.3d 915, 917 (9th Cir.1993) (internal quotations omitted). An ALJ cannot "discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991). However, "[s]o long as the adjudicator makes specific findings that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence." Id.
 
 
 4
 In this case, the ALJ did not make a blanket rejection of Ms. Gorman's pain testimony. The ALJ determined that Ms. Gorman's pain testimony was not credible to the extent that she claimed she was precluded from performing a limited range of light work. In discounting Ms. Gorman's pain testimony, the ALJ noted: 1) Dr. Carvalho's observation that although Ms. Gorman used a cane for ambulation, she was able to walk well without it; 2) Dr. Carvalho's conclusion that Ms. Gorman's subjective complaints were out of proportion to her objective findings; 3) Dr. Carr's May 1992 evaluation where he reported that Ms. Gorman "manifests a great deal of pain behavior;" and 4) Dr. Glass's psychological evaluation of Ms. Gorman in which he opined that Ms. Gorman was overly focused on her physical symptoms and fixed in her adjustment as an "invalid."
 
 
 5
 The ALJ's reasons for discounting Ms. Gorman's claims of disabling pain are adequately articulated in his decision, and those reasons are supported by substantial evidence.
 
 II. Lay Witness Testimony
 
 6
 "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919. In discounting Lynelle Hess's testimony, the ALJ failed to articulate reasons that were germane to Ms. Hess's testimony.
 
 III. Medical Evidence
 
 7
 Although the ALJ's decision mentioned Dr. Chung's opinion regarding Ms. Gorman's ability to sit for one hour at a time and his opinion that Ms. Gorman had a residual functional capacity for sedentary work, the ALJ did not set forth any specific, legitimate reasons why he chose to reject Dr. Chung's assessment and to accept Dr. Carvalho's assessment instead.
 
 
 8
 The ALJ may discount the treating physician's opinion in favor of a non-treating physician's opinion. However, in doing so, the ALJ must state specific, detailed reasons, supported by the evidence. Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir.1989). In this case, the ALJ failed to articulate specific, legitimate reasons, supported by the evidence, for accepting the opinions of the non-treating physicians over the opinion of Ms. Gorman's treating physician, in concluding that Ms. Gorman was capable of light work.
 
 IV. CONCLUSION
 
 9
 The district court order is REVERSED. We REMAND with instructions to remand to the Secretary for articulation of specific legitimate reasons for her decision to either accept or reject the treating physician's opinion, and to assess Ms. Gorman's work capability accordingly.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 *
 As of March 31, 1995, the Social Security Administration became an independent agency from the Department of Health and Human Services. Therefore, the court has substituted Shirley S. Chater for Donna E. Shalala pursuant to Fed.R.App.P. 43(c)
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3